# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANWAR RANDLE | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-5134 |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| City of Chicago, Chicago Police Officers | ) | CIVIL RIGHTS |
| Robert Guerra, Star No. 11109, Vincent | ) | |
| Crider, Star No. 6554, Jacob Mitchell, | ) | |
| Star No. 5064, and James Kinney, Star | ) | |
| No. 17082, | ) | **JURY DEMANDED** |
| | | |
| Defendants. | | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Anwar Randle ("Randle") was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Officer Robert Guerra, Star No. 11109 ("Guerra") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, Chicago Police Officer Vincent Crider, Star No. 6554 ("Crider") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, Chicago Police Officer Jacob Mitchell, Star No. 5064 ("Mitchell") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned, Chicago Police Officer James Kinney, Star No. 17082 ("Kinney") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

9. On or about November 8, 2020, Plaintiff was located in the City of Chicago, County of Cook, State of Illinois.

10. On that day and place Defendants Guerra, Mitchell, Kinney and Crider caused Plaintiff to be arrested.

11. After his custodial arrest Defendants Guerra, Mitchell, Kinney and Crider caused Plaintiff to be charged with felony possession of heroin -- a controlled substance.

12. Defendants Guerra, Mitchell, Kinney and Crider did not possess probable cause to reasonably believe that Plaintiff was in possession of a controlled substance.

13. Plaintiff appeared in court to defend himself against the felony charge that was initiated and/or continued by Guerra, Mitchell, Kinney and Crider.

14. On or about December 9, 2020, the Cook County State's Attorney's Office voluntarily dismissed all charges against Plaintiff.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

16. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Guerra, Mitchell, Kinney and Crider for**
**UNREASONABLE PRETRIAL DETENTION**

18. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19. Defendants subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause in that he was detained in the custody of the Chicago Police Department and Cook County Jail from November 8, 2020, until the dismissal of all charges on December 9, 2020.

20. Defendants did not have probable cause to believe Plaintiff was in possession of a controlled substance or cause him to be subjected to the pretrial detention and restriction of his liberty based upon the charge of possession of a controlled substance.

21. Defendants knew that Plaintiff's detention and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed the crime of possession of a controlled substance.

22. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on December 9, 2020.

23. As a result of the foregoing, Plaintiff has sustained damage.

24. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

25. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiffs Against Guerra, Mitchell, Kinney, Crider, and the City of Chicago For MALICIOUS PROSECUTION

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

27. Defendants Guerra, Mitchell, Kinney, and Crider, who were employed by the City of Chicago, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he possessed a controlled substance on November 8, 2020.

28. Defendants subjected Plaintiff to a criminal prosecution for the crime of possession of a controlled substance without probable cause.

29. Plaintiff did not commit the crime of possessing a controlled substance for which he was prosecuted.

30. Defendants falsely claimed in reports, criminal complaints and/or to Assistant States Attorneys, among other things, that they witnessed Plaintiff possess a controlled substance. This false information was a proximate cause of Plaintiff being subjected to a criminal prosecution as it was relied upon by the Cook County State's Attorney in the decision to commence and/or continue the criminal prosecution of Plaintiff for possession of a controlled substance.

31. Defendants knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff possessed a controlled substance.

32. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on December 9, 2020, because there was a lack of evidence supporting the charges and there were no reasonable grounds to pursue the prosecution.

33. The dismissal of the charges against Plaintiff was not the result of a plea negotiation, agreement, or compromise between Plaintiff and the Cook County State's Attorney.

34. As a result of Defendants causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

35. The City of Chicago is liable to Plaintiff for the acts of Defendants Guerra and Crider pursuant to the doctrine of *respondeat superior*.

36. Therefore, Defendants Guerra, Mitchell, Kinney, Crider and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants Guerra, Mitchell, Kinney and Crider be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com